IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

KIRSTEN KADLEC,

    Plaintiff,

v.

WELTMAN, WEINBERG & REIS CO., L.P.A.,

    Defendant.

Cause No. EP10CV0223

JUDGE DAVID BRIONES

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiff, Kirsten Kadlec, brings this action to secure redress against unlawful credit and collection practices engaged in by defendant Weltman, Weinberg & Reis Co., L.P.A. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

### JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k (FDCPA).

4. Venue and personal jurisdiction over defendant in this District is proper because defendant's collection activities impacted plaintiff here and because defendant transacts business here.

### PARTIES

5. Plaintiff Kirsten Kadlec is an individual who resides in El Paso, Texas.

6. Defendant Weltman, Weinberg & Reis Co., L.P.A. is a corporation chartered under Ohio law with offices at 323 W. Lakeside Avenue, Suite 200, Cleveland, Ohio 44113.

7. Defendant Weltman, Weinberg & Reis Co., L.P.A. regularly uses the mails and telephone system to collect or attempt to collect consumer debts.

8. Defendant Weltman, Weinberg & Reis Co., L.P.A. has a Martindale-Hubbell listing in which it states:

1

>WWR is the largest creditors' rights law firm in the country based on revenues and placements according to Collections & Credit Risk magazine. Our clients include banks, financial institutions, auto financers, mortgage companies, credit unions, service organizations, government entities, insurance companies, medical companies, utility companies and corporations. We provide traditional collection agency services nationally and direct legal representation with in-house attorneys in Illinois, Indiana, Kentucky, Michigan, Ohio and Pennsylvania. WWR takes an active role working with clients in order to implement new strategies and programs, and partner with them to offer solutions to daily concerns that affect profitability. See individual listings in each city.

9. Similarly, its Web site states:

>Weltman, Weinberg & Reis Co., L.P.A. (WWR) has strategically located offices, which offer clients direct legal representation in seven states. We offer a variety of legal services in each of our offices and national collection capabilities. We have chosen office space that allows for continued hiring of additional staff as the workload increases.
>
>**Direct Legal Representation by WWR Attorneys**
>
>- Illinois
>- Indiana
>- Kentucky
>- Michigan
>- New Jersey
>- Ohio
>- Pennsylvania
>
>**National Coverage**
>
>We have units with teams of collectors who are trained to pursue debt recovery anywhere in the United States. When voluntary payment is not obtained through our collection efforts, or if a client requests immediate legal action, the files are forwarded to an in-house attorney when the debtor is located in our direct representation area.
>
>To address matters that are outside our area of direct representation, we have developed a national unit that offers clients an attractive alternative to employing multiple law firms throughout the country. WWR maintains a network of experienced attorneys with demonstrated proficiency in creditor representation to act as local counsel anywhere a debtor may be located. These attorneys have been chosen based on proven results in recovery and their efforts in providing competent and ethical representation. We monitor all forwarded files, request regular status reports, and remain actively involved as the liaison between our client and outside counsel. We supervise the progress of litigation, reconcile court costs, and keep our clients informed of all developments. When the corresponding attorney receives judgment against the debtor, WWR receives a copy and forwards it to the client.

10. Defendant Weltman, Weinberg & Reis Co., L.P.A. does not act as a law firm with respect to Texas debtors, but as a collection agency.

11. Defendant Weltman, Weinberg & Reis Co., L.P.A. regularly permits its name to be placed on collection letters mailed to persons who allegedly owe money to others, including Harley-Davidson Financial Services, Inc.

## FACTS

12. On or about April 21, 2010, plaintiff was mailed the collection letter attached as <u>Exhibit A</u>. Plaintiff received it in the ordinary course of mail.

13. <u>Exhibit A</u> was the initial letter plaintiff received on the letterhead of Weltman, Weinberg & Reis Co., L.P.A. regarding this debt.

14. On information and belief, <u>Exhibit A</u> is an example of a form letter used by Weltman, Weinberg & Reis Co., L.P.A. as the initial letter it sends to a person who owes money to Harley-Davidson Financial Services, Inc.

15. <u>Exhibit A</u> sought to collect a debt incurred for personal, family or household use and not for business purposes. Plaintiff cosigned for the purchase of a motorcycle for personal, family or household use by Eric A. Condrin.

16. <u>Exhibit A</u> is crafted to appear as if it comes from a lawyer:

    a. It is on the letterhead of Weltman, Weinberg & Reis Co., L.P.A., "attorneys at law";

    b. It states that "this law firm represents Harley-Davidson Financial Services, Inc."

    c. It states that "In the event appropriate and timely arrangements have not been made with regard to this matter, we will have no recourse but to recommend that our client file an appropriate lawsuit against you."

    d. The 15 U.S.C. §1692g notice at the bottom begins, "This law firm is attempting to collect this debt for our client . . . ."

17. <u>Exhibit A</u> bears the purported signature of Douglas M. Dahmer, an attorney in Weltman's Columbus office who is licensed in Illinois, New Jersey and Ohio, but not Texas.

18. <u>Exhibit A</u> asks that the consumer "contact my client immediately upon your receipt of this letter so that you may discuss the necessary arrangements to pay off your loan at this time or return the collateral which secures this obligation." It gives the name, address and telephone number of an employee of Harley-Davidson Financial Services, Inc.

19. The telephone number number given is issued to Harley-Davidson Financial Services, Inc., not defendant Weltman, Weinberg & Reis Co., L.P.A.

20. On information and belief, <u>Exhibit A</u> is sent without meaningful professional involvement by Weltman, Weinberg & Reis Co., L.P.A., for the purpose of inducing the recipient to contact the Harley-Davidson Financial Services, Inc. representative at the number given.

## VIOLATIONS ALLEGED

21. <u>Exhibit A</u> violates 15 U.S.C. §§1692e, 1692e(3), and 1692e(10), by misrepresenting that it is a communication from an attorney, when it is not.

22. Section 1692e provides:

> § 1692e.   False or misleading representations [Section 807 of P.L.]
>
> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .
>
> (3) The false representation or implication that any individual is an attorney or that any communication is from an attorney. . . .
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .

23. The "form" is the letterhead of "Weltman, Weinberg & Reis Co., L.P.A."

24. <u>Exhibit A</u> also contradicts and overshadows the validation notice required by 15 U.S.C. 1692g, in that it demands that the consumer discuss payment arrangements "immediately" and threatens suit if "appropriate and timely arrangements have not been made with regard to this matter," without advising that if the consumer exercises his or her right to dispute the debt, action will be suspended until verification is provided.

25. Section 1692g provides:

> § 1692g.  Validation of debts
>
> (a) Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such

4

> verification or judgment will be mailed to the consumer by the debt collector; and
>
> > (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.
>
> (b) Disputed debts. If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.
>
> (c) Admission of liability. The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.
>
> (d) Legal pleadings. A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a).
>
> (e) Notice provisions. The sending or delivery of any form or notice which does not relate to the collection of a debt and is expressly required by the Internal Revenue Code of 1986 [*26 USCS §§ 1* et seq.], title V of Gramm-Leach-Bliley Act [*15 USCS §§ 6801* et seq.], or any provision of Federal or State law relating to notice of data security breach or privacy, or any regulation prescribed under any such provision of law, shall not be treated as an initial communication in connection with debt collection for purposes of this section.

## CLASS ALLEGATIONS

26. Pursuant to Fed. R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class.

27. The class consists of (a) all natural persons with addresses outside of Illinois, Indiana, Kentucky, Michigan, New Jersey, Ohio, and Pennsylvania, (b) who were sent a letter on the same letterhead as <u>Exhibit A</u> (c) seeking to collect a debt allegedly owed to Harley-Davidson Financial Services, Inc. (d) on or after a date one year prior to the filing of this action and (e) ending 20 days after the filing of this action.

28. The class is so numerous that joinder is impracticable.

29. On information and belief, there are more than 50 natural persons with addresses outside of Illinois, Indiana, Kentucky, Michigan, New Jersey, Ohio, and Pennsylvania, who were sent a letter on the same letterhead as <u>Exhibit A</u> seeking to collect a debt allegedly owed to Harley-Davidson Financial Services, Inc. on or after a date one year prior to the filing of this action and ending 20 days after the filing of this action.

30. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common questions are:

   a. Whether attorney Weltman, Weinberg & Reis Co., L.P.A. had meaningful professional involvement with the debts that were the subject of letters in the form of <u>Exhibit A</u>.

   b. Whether the letters violate the FDCPA.

31. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

32. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

33. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible. The nature of the wrong depends on the deception of the consumer, so it is unlikely to be detected or remedied without a class action.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendant for:

   (1) Statutory damages;

   (2) Attorney's fees, litigation expenses and costs of suit;

   (3) Such other or further relief as the Court deems proper.

SCOTT A. VOGELMEIER

Scott A. Vogelmeier
LAW OFFICE OF SCOTT A. VOGELMEIER
1112 Myrtle Avenue
El Paso, TX 79901
(915) 544-3100
(915) 577-0160 (FAX)

James O. Latturner
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

**JURY DEMAND**

Plaintiff demands trial by jury.

_____
SCOTT A. VOGELMEIER

| | | |
|---|---|---|
| BROOKLYN HTS., OH<br>216.739.5100<br>CHICAGO, IL<br>312.782.9676<br>CINCINNATI, OH<br>513.723.2200<br>CLEVELAND, OH<br>216.685.1000<br>COLUMBUS, OH<br>614.228.7272 | **WELTMAN, WEINBERG & REIS CO., L.P.A.**<br>ATTORNEYS AT LAW<br> | DETROIT, MI<br>248.362.6100<br>GROVE CITY, OH<br>614.801.2600<br>PHILADELPHIA, PA<br>215.599.1500<br>PITTSBURGH, PA<br>412.434.7955 |

April 21, 2010

Eric A. Condrin
1129 Prescott Dr.
El Paso, TX 79915

Kristen Kadlec
817 Cortiso
El Paso, TX 79912

**EXHIBIT A**

Re: Harley-Davidson Financial Services
Account No. 20080412673625
Charge Off Balance Due $17,540.77

Dear Eric A. Condrin and Kristen Kadlec:

Please be advised that this law firm represents Harley-Davidson Financial Services with regard to the above obligation which is due and owing by you to our client.

It is our understanding that pursuant to the terms of the agreement you entered into, you are now in default and presently owe the entire account balance. Your account has been charged off as of February 26, 2010.

Accordingly, please contact my client immediately upon your receipt of this letter so that you may discuss the necessary arrangements to pay off your loan at this time or return the collateral which secures this obligation. Please contact Rebecca at Harley Davidson Financial Services, 3850 Arrowhead Drive, Carson City, NV 89706, phone 888-893-7811 extension 2312.

In the event appropriate and timely arrangements have not been made with regard to this matter, we will have no recourse but to recommend that our client file an appropriate lawsuit against you. I trust that such a course of action will not become necessary.

Very Truly Yours

Douglas M. Dahmer
Attorney at Law

DMD/krk

*This law firm is attempting to collect this debt for our client and any information obtained will be used for that purpose. Unless you dispute the validity of this debt, or any portion thereof, within thirty days of receipt of this letter, we will assume that the debt is valid. If you notify us in writing within the thirty-day period that the debt, or any portion thereof, is disputed, we will obtain verification of the debt and mail you a copy. We will also provide you with the name and address of the original creditor, if different from the current creditor, upon your written request within the thirty-day period.*

```
DUPLICATE

Court Name: TEXAS WESTERN
Division: 3
Receipt Number: 300005787
Cashier ID: mgallego
Transaction Date: 06/17/2010
Payer Name: SCOTT A. VOGELMEIER, ATTY
----------------------------------
CIVIL FILING FEE
 For: KIRSTEN KADLEC
 Case/Party: D-TXW-3-10-CV-000223-001
 Amount:         $350.00
----------------------------------
CHECK
 Check/Money Order Num: 2193
 Amt Tendered: $350.00
----------------------------------
Total Due:       $350.00
Total Tendered: $350.00
Change Amt:      $0.00

CIVIL COMPLAINT

FBO KIRSTEN KADLEC

DTXW310CV000223-001-DB

KIRSTEN KADLEC VS WELTMAN, WEINBERG
& REIS...et.al.
```